```
             THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND
                                        :
CHARTER OAK FIRE INSURANCE
COMPANY, ET AL.,                        :

     v.                                 :   Civil Action No. DKC 09-0100

AMERICAN CAPITAL, LTD.,                 :
ET AL.
                                        :
```

**MEMORANDUM OPINION**

Several motions are currently pending in this matter, including the Defendants' motion for judgment on the pleadings (Paper 24), Defendants' motion for a protective order (Paper 28), Plaintiffs' motion to seal (Paper 32) and Plaintiffs' motion for leave to file first amended complaint (Paper 37). The issues have been fully briefed and no hearing is deemed necessary pursuant to Local Rule 105.6.

The motion for leave to file first amended complaint will be GRANTED. Because of this, the motion for judgment on the pleadings will be DENIED. The motion to seal will be GRANTED and the motion to stay discovery will be DENIED as moot.

**I. Background**

On January 16, 2009, Charter Oak Fire Insurance Company ("Charter Oak") and Travelers Property Casualty Company of America ("Travelers") (collectively, "Plaintiffs") filed a complaint against American Capital LTD ("American Capital") and

Scientific Protein Laboratories LLC ("SPL") (collectively, "Defendants") seeking to rescind or reform any insurance contracts between Plaintiffs and Defendants, as well as a judicial declaration that neither Charter Oak nor Travelers is required to defend the Defendants in any pending heparin-related lawsuits in which Defendants are involved.

From 2006 through 2009, American Capital was covered by three primary policies with Charter Oak and three umbrella insurance policies with Travelers. The policies were in effect for three one-year periods from June 14, 2006 – June 14, 2007 ("2006 policy"), June 14, 2007 – June 14, 2008 ("2007 policy") and June 14, 2008 – June 14, 2009 ("2008 policy").  On behalf of itself and SPL, American Capital seeks coverage from Charter Oak or Travelers under the insurance contracts (specifically, the 2007 policy) regarding heparin lawsuits in which it or SPL is a named defendant.

The Defendants have been named as defendants in numerous lawsuits relating to tainted heparin shipped from China.  The lawsuits involving the tainted heparin allege that one or more ingredients of the heparin, including the active pharmaceutical ingredient, were produced by Changzhou SPL Company, Ltd. — a joint venture between SPL and Tech-Pool Bio Pharma Company, a Chinese company.  These underlying suits allege that the ingredients in the heparin were tainted during production of the

heparin and that this tainted heparin was shipped to the United States by Baxter Healthcare Corporation.  To date, more than 45 lawsuits have been filed against Baxter Healthcare Corporation, American Capital and/or SPL.

Plaintiffs allege that Defendants made several misrepresentations to both Charter Oak and Travelers when applying for insurance, and that the insurance issued did not extend to coverage of subsidiaries of American Capital or joint ventures that those subsidiaries formed.

Defendants respond by denying allegations of wrongdoing and have filed a counter claim seeking a declaration that the contracts between Plaintiffs and Defendants are valid and that Plaintiffs have a duty to defend Defendants in the pending lawsuits.

Plaintiffs also seek a declaration that they owe no duty to defend American Capital in a non-heparin case that involves a spectator injury at the Nationwide Arena in Columbus, Ohio.  The spectator brought suit in Ohio against SMG and American Capital to recover for injuries.  The lawsuit alleges that SMG specializes in sports-arena managements and that American Capital is the parent company of SMG. American Capital has requested that Charter Oak and Travelers provide defense and indemnity in the matter.

As noted above, Plaintiffs filed this action on January 16, 2009. Defendants filed their answer and counterclaim on April 17, 2009. On June 10, 2009, Defendants filed their first amended answer and counterclaims with the consent of Plaintiffs. Plaintiffs filed their answer to the counterclaim on June 29, 2009. On July 10, 2009, the Defendants filed a motion for judgment on the pleadings and two weeks later filed a motion to stay discovery. At that time, discovery had not commenced. On August 17, 2009, Plaintiffs filed their opposition to the motion for judgment on the pleadings and presented additional evidence. On August 24, 2009, Plaintiffs moved for leave to file a first amended complaint and Defendants filed their opposition on August 25, 2009. A reply was filed on September 8, 2009. A motion to seal was filed by Plaintiffs on September 3, 2009 and is unopposed by Defendants.

**II. Motion for Leave to File Amended Complaint**

   **A.   Standard**

The Federal Rules of Civil Procedure provide that, once the right to amend as a matter of course expires, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fourth Circuit has held that "leave to amend a complaint should be denied *only when* the amendment would be prejudicial to the

4

opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) citing *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986). Furthermore, "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

**B. Analysis**

The amended complaint that Plaintiffs wish to file sets forth additional facts regarding their claims, includes several additional arguments and removes the unjust enrichment count, leaving four causes of action.

Defendants oppose the filing of the amended complaint, arguing that it "threatens prejudice" and delay and evinces a "dilatory motive" on the part of the Plaintiffs. These arguments are without merit. No prejudice will result from granting leave to file the amended complaint in this case. Discovery has not yet commenced, no briefing schedule has been issued and no trial date is on the calendar. Defendants will have a full discovery period to address allegations in the first

amended complaint, and now face one fewer claim. Plaintiffs may amend their complaint based upon additional information gained during their investigation that will clarify their allegations and streamline their claims. The information in their amended complaint should present no surprises to Defendants as much of it is duplicative of Plaintiffs' response to the motion for judgment on the pleadings.

**III. Remaining Motions**

Three motions remain. Because the motion for leave to file amended complaint is granted, the motion for judgment on the pleadings is now moot. The Defendants may now file a Rule 12 motion or an answer in response to the amended complaint. If Defendants file an Answer, the Court will set a scheduling conference to discuss the discovery process and will set a briefing schedule should the parties wish to file pre-trial motions.

The motion to seal certain content in, and exhibits to, Plaintiff's brief in opposition to Defendants' rule 12(c) motion is unopposed and will be granted, for the reasons asserted. Plaintiffs have already redacted the appropriate material in the copy that was electronically filed and have filed both complete and redacted versions with the Clerk's office.

The motion for a protective order staying discovery is moot, as discovery has not begun. Local Rule 104.4 states that

the parties need not participate in a Rule 26(f) conference, nor commence discovery until after a scheduling order has been entered. As no scheduling order has yet been entered in this case, discovery has not yet commenced.

**IV. Conclusion**

For the foregoing reasons, Plaintiffs' motion for leave to file first amended complaint and motion to seal are GRANTED. Defendants' motion for judgment on the pleadings is DENIED. Defendants' motion to stay discovery is DENIED as moot. A separate Order will follow.

```
                              /s/
          _____
          DEBORAH K. CHASANOW
          United States District Judge
```