IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| THE CHARTER OAK FIRE INSURANCE COMPANY, et al. | : | |
| v. | : | Civil Action No. DKC 09-0100 |
| AMERICAN CAPITAL, LTD., et al. | : | |
| | : | |

**MEMORANDUM OPINION**

Presently pending and ready for review in this insurance case is the motion filed by Defendants for phased discovery and/or for protective order staying discovery. (ECF No. 84). The issues have been fully briefed, and the court now rules, no hearing deemed necessary. Local Rule 105.6. For the following reasons, the motion will be denied.

**I.   Background**

This case concerns an insurance coverage dispute between two insurance companies, Plaintiffs Charter Oak Fire Insurance Company and Travelers Property Casualty Company of America, and an investment fund, Defendant American Capital, Ltd. ("American Capital"). Beginning in 2008, American Capital and one of its investments, Defendant Scientific Protein Laboratories LLC ("SPL"), became involved in over 100 lawsuits pertaining to allegedly defective heparin. Many of the lawsuits have been transferred to a multi-district litigation in the United States

District Court for the Northern District of Ohio for pre-trial proceedings. According to American Capital, these lawsuits implicated certain primary and umbrella insurance policies ("the Policies") that it had purchased from Plaintiffs for the years 2006 through 2009. When American Capital sought coverage under the Policies for itself and SPL, Plaintiffs filed this suit for rescission and reformation. In addition, Plaintiffs seek declaratory judgments that they owe no duty to defend or indemnify American Capital with respect to the underlying heparin lawsuits.

Despite nearly three years elapsing in this case, no discovery has yet occurred. Having almost completed preliminary motions practice,[1] the parties appear ready to commence discovery. They disagree, however, regarding the manner in which discovery should proceed. On September 14, 2011, the court granted the parties' joint request to brief the issues pertaining to this discovery dispute. (ECF No. 83). On September 30, 2011, Defendants filed the pending motion, in which they propose that discovery take place in two phases.[2] (ECF No. 84). Plaintiffs opposed this motion, arguing that

---

[1] On October 27, 2011, Defendants filed a motion for leave to file second amended counterclaims. (ECF No. 87).

[2] Alternatively, Defendants request that all discovery be stayed pending the resolution of the underlying heparin lawsuits.

discovery should proceed in full with no bifurcation of the issues.[3] (ECF No. 86). Defendants replied on November 9, 2011. (ECF No. 90).

## II.  Standard of Review

"[A]lthough [Federal Rule of Civil Procedure] 42 does not expressly address the bifurcation of discovery, courts have looked to similar factors as those relevant to the bifurcation of trial when determining whether discovery related to the deferred claims should be stayed." *Cann v. Balt. Cnty., Md.*, No. WMN-10-2213, 2011 WL 588343, at *1 (D.Md. Feb. 9, 2011). Rule 42 reads, in relevant part:  "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed.R.Civ.P. 42(b).  Whether to bifurcate discovery "rests squarely within the broad discretion of the District Court." *Cent. Transp. Int'l, Inc. v. Gen. Electric Co.*, No. 3:08CV136-C, 2008 WL 4457707, at *2 (W.D.N.C. Sept. 30, 2008).  "Morever, bifurcation of discovery is the exception, rather than rule, and

---

[3] Plaintiffs agree that an alternative solution would be to stay discovery until the resolution of the underlying heparin lawsuits.  Given the age of the case and the nature of the issues in question, there is no need to wait for the completion of the underlying suits.

it is clear that in most instances, regular – that is, unbifurcated – discovery is more efficient." *Id.* at *3.

## III. Analysis

As an initial matter, Defendants argue that Plaintiffs are judicially estopped from pursuing any discovery that would be duplicative of discovery in the underlying lawsuits.  Defendants apparently contend that because Plaintiffs successfully opposed transfer of this case to the MDL in part on the basis that this case is factually distinct from the underlying lawsuits, *any* discovery pursued in the underlying lawsuits by *any* party necessarily precludes discovery regarding those subjects here. This conclusion is far too broad.  Given the liberal scope of discovery under the federal rules as well as the sheer number of parties involved in the MDL, it is highly unlikely that discovery in the underlying lawsuits will not encroach upon subjects relevant to this case.

Indeed, the purpose of an MDL is simply to promote convenience and efficiency.  *See* 28 U.S.C. § 1407(a).  In vacating its conditional order of transfer, the Judicial Panel on Multidistrict Litigation concluded that the issues in this case were distinct enough from the underlying heparin lawsuits that such goals would not be achieved.  The JPML did not draw an impenetrable line between which facts may be considered in one proceeding versus the other.  Nor will this court so delineate

the potential subjects of discovery. Plaintiffs are cautioned, however, that this decision does not give them license to stray too far into tangential subject areas with their discovery requests. Discovery must be relevant to the specific claims and defenses at issue in this case. *See* Fed.R.Civ.P. 26(b)(1).

### A. Discovery Related to the Rescission and Reformation Claims

Regardless of whether discovery should be bifurcated, both parties agree that discovery related to Plaintiffs' rescission and reformation claims should commence immediately. They are at odds, however, regarding what those claims actually entail. Specifically, they disagree whether discovery regarding American Capital's corporate relationships is relevant to these claims. Plaintiffs contend that "American Capital's relationships with its portfolio companies are at the heart of [the] rescission and reformation claims, including the falsity and materiality of Defendants' representations and omissions about its portfolio companies and Defendants' knowledge and intent regarding those representations and omissions." (ECF No. 86, at 9-10). In contrast, Defendants insist that "by judicially admitting both that [American Capital] has subsidiaries, and that [American Capital] holds a majority interest in non-subsidiary portfolio companies," they have essentially mooted Plaintiffs' need for discovery regarding this issue. (ECF No. 90, at 20 n.9).

Defendants are mistaken.  "[A] party is entitled to seek discovery on its theory of the facts and the law, and is not limited in discovery by the opponent's theory."  8 Charles A. Wright et al., *Federal Practice & Procedure* § 2011 (3$^d$ ed. 2011); *cf. United States v. 216 Bottles, More or Less, Sudden Change by Lanolin Plus Lab. Div. Hazel Bishop Inc.*, 36 F.R.D. 695, 700-01 (E.D.N.Y. 1965) ("A party may not refuse to answer an interrogatory upon the ground that it is phrased in such a manner that the answer given would be predicated upon a false hypothesis according to the interrogated party's theory of the case.").  Here, Plaintiffs have articulated a theory to support their claims for rescission and reformation that directly implicates American Capital's relationships with its portfolio companies.  That Defendants disagree with Plaintiffs' theory is to be expected, but that disagreement does not absolve them of their basic responsibilities under the federal discovery rules.  Accordingly, Plaintiffs may seek immediate discovery regarding American Capital's corporate relationships along with all other issues related to their rescission and reformation claims.

**B.   Discovery Related to the Declaratory Judgment Claims**

Defendants' more substantive argument for bifurcation of discovery is that the parties are legally obligated to do so.  They point to *Brohawn v. Transamerica Ins. Co.*, 276 Md. 396 (1975), and its progeny, for the proposition that "Insurers are

6

precluded from pursuing *discovery* of issues . . . that are not 'independent and separable' from issues implicated by the underlying . . . litigation." (ECF No. 84-1, at 12) (emphasis added). In response, Plaintiffs attempt a sleight of hand by advocating that a "good cause" standard under Rule 26(c) applies to any discovery reserved for later phases of a bifurcated procedure. (ECF no. 86, at 16-17).

First, as to Plaintiffs' argument, the management of discovery falls well within the broad discretion of the court. A formal protective order requiring a showing a good cause need not be issued to bifurcate discovery, particularly when one issue may be determinative of an entire case. *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 803-04 (Fed. Cir. 1999) ("A district court has broad powers of case management, including the power to limit discovery to relevant subject matter and to adjust discovery as appropriate to each phase of litigation. When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved." (internal citations omitted)).

Second, as to Defendants' argument, *Brohawn* and its progeny do not stand for the proposition that *discovery* of issues that are not independent and separable from issues to be decided by underlying litigation is prohibited until the completion of that underlying litigation; rather, those cases hold that *declaratory*

*judgments* regarding issues that are not independent and separable are proscribed. *See, e.g.*, *Brohawn*, 276 Md. at 406 ("[W]here . . . the question to be resolved in the declaratory judgment action will be decided in pending actions, it is inappropriate *to grant a declaratory judgment*." (emphasis added)).[4] Rendering a judgment on a claim or issue is ultimately distinct from pursuing discovery on that claim or issue. *See* 9A Charles A. Wright et al., *Federal Practice & Procedure* § 2387 (3$^d$ ed. 2011) ("The separate trial rule has an obvious relation to the discovery rules, since if a possibly dispositive issue is to be tried separately, the district court, *although it need not*, may limit discovery to that issue until after its resolution." (emphasis added)).

Thus, as a matter of law it is not mandatory that any discovery be delayed here pending the underlying litigation. The question is therefore actually one of judicial economy. As a corollary to *Brohawn*, if the court cannot render a declaratory judgment because the underlying litigation would resolve the issue to be addressed, it may be prudent to delay discovery regarding those matters. In this case, however, there appear to be only two — fairly well-circumscribed — subjects at issue:

---

[4] Furthermore, it is not clear that *Brohawn* and its progeny — all state court cases — would be controlling in this court as to discovery matters, which are procedural in nature.

the "Baxter Agreement" and the "Changzhou SPL joint venture."[5] Given the specificity and limited reach of these subjects, it is difficult to conclude that much by way of resources would be saved by bifurcating discovery with respect only to these issues, regardless of whether a declaratory judgment implicating these issues could be rendered prior to the completion of the underlying litigation.  This specificity of discovery subjects sought to be delayed also distinguishes this situation from the cases cited by Defendants where courts have seen fit to separate discovery regarding a rescission claim from discovery regarding other claims.  (*See* ECF No. 84-1, at 11).[6]  In sum, full discovery regarding the "Baxter Agreement" and the "Changzhou SPL joint venture," along with all matters potentially related to resolution of Plaintiffs' declaratory judgment claims, may commence immediately.

---

[5] Defendants' request to delay discovery regarding "Alleged injuries to underlying plaintiffs, and the dates and causes of the injuries" (ECF No. 84-1, at 6) and the "expected and intended" defense (*id.*) is moot.  Plaintiffs state they do not intend to pursue discovery regarding these issues while the underlying litigation is pending.  (ECF No. 86, at 7 n.1).

[6] Defendants hoist themselves with their own petard by citing to *Minnesota Lawyers Mutual Insurance Co. v. King*, No. 10-cv-00916-WYD-MEH, 2010 WL 4449371 (D.Colo. Nov. 1, 2010).  In that case, Chief Judge Daniel did bifurcate discovery, but he grouped discovery related to the rescission claim along with discovery related to the declaratory judgment claim regarding a duty to defend.  *Id.* at *5.

## IV.  Conclusion

For the foregoing reasons, the motion for phased discovery and/or for protective order staying discovery filed by Defendants will be denied.  A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
