IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHARTER OAK FIRE INSURANCE           :
COMPANY, et al.                      :

    v.                               :   Civil Action No. DKC 09-0100

                                     :
AMERICAN CAPITAL, LTD., et al.
                                     :

**MEMORANDUM OPINION**

**I.   Background**

    The parties have filed multiple motions and requests to
seal and supplements to prior motions to seal.  On September 2,
2014, the undersigned issued a memorandum opinion and order
granting Defendants' motion for leave to file third amended
counterclaims and denying three motions to seal filings in
connection with that motion.  (*See* ECF Nos. 378 & 379).  As
explained in the September 2, 2014 memorandum opinion, the
parties' motions to seal, (ECF Nos. 286, 308, 322), were overly
broad, as they essentially attempted to seal the documents in
their entirety, with minimal, if any, redactions.  The parties
were given fourteen (14) days to cure the deficiencies
identified in their three motions to seal and to propose
necessary redactions to the court's memorandum opinion.

    After receiving extensions of time, the parties submitted
directly to chambers letters, dated September 23, 2014, and

exhibits with proposed redacted filings; curiously, the parties did not file their letters and proposed redacted exhibits on the court electronic filing system as necessary.   After being informed about this omission, on March 16, 2015, the parties filed on the court electronic filing system their submission of September 23, 2014, accompanied by two motions to seal.   (ECF Nos. 481 & 489).

Per the court's instruction in the September 2, 2014 order, the third amended counterclaims were temporarily filed under seal.   (ECF No. 380).   On September 26, 2014, Plaintiffs answered the third amended counterclaims, (ECF No. 388), and moved to seal their answer (ECF No. 389).   Defendants moved to seal their brief joining in part and opposing in part Plaintiffs' motion to seal their answer.   (ECF No. 394). Finally, Plaintiffs moved to seal portions of their brief in further support of their motion to seal the answer.   (ECF No. 403).

Defendants filed a motion for sanctions, and the parties moved to seal their respective filings in connection with that motion.   (ECF Nos. 333, 344, & 373).

## II.   Analysis

### A.   Motions to Seal Filings in Connection with Defendants' Motion for Leave to File Third Amended Counterclaims

The September 2, 2014 memorandum opinion noted that the three motions to seal filings in connection with Defendants' motion for leave to file third amended counterclaims did not comply with the procedural requirements because they did not include "proposed reasons supported by specific factual representations to justify sealing," or "an explanation why alternatives to sealing would not provide sufficient protection." (ECF No. 378, at 30).   In their previous motions to seal, the parties largely redacted the filings and exhibits in their entirety, and proposed sealing in full Defendants' third amended counterclaims.

In the September 23, 2014 letter, Plaintiffs indicate that Defendants disagree with their proposed redactions.   Plaintiffs attach new proposed redactions with justifications for redacting certain material.   Specifically, Plaintiffs argue that the redacted material is confidential because it falls into one or more of the following categories:

> a. Insurance claim records and testimony relating to insurance coverage for a body of personal injury cases that remains pending and unresolved;
>
> b. Insurance claim records and testimony relating to internal Travelers' deliberations regarding insurance coverage

      for these claims, including confidential attorney-client communications;

   c. Records and testimony regarding Travelers' internal underwriting processes, procedures, and decisions;

   d. Records and testimony constituting attorney work product and materials prepared in anticipation of the litigation of this dispute; and

   e. Materials previously accepted by the Court for filing under seal.

Next to each proposed redaction, Plaintiffs indicate one or more of the above categories which they believe justify the redaction. In their September 23, 2014 letter, Plaintiffs argue that no First Amendment concern is present because the materials at issue relate to an amendment to counterclaims, rather than to a "request that the [c]ourt make any decision on a claim based on the merits of the claim." (ECF No. 488, at 2). Plaintiffs acknowledge the concern for public access to judicial materials, but submit that their privacy interests outweigh the public access interest here because the materials filed under seal reflect Plaintiffs' internal business policies and procedures and insurance claim deliberations, and disclosure of such information in its entirety could be harmful to Plaintiffs.

By letter dated September 23, 2014, Defendants object to Plaintiffs' proposed redactions and suggest that all of the filings made in connection with their motion for leave to file third amended counterclaims should be published in full.

Defendants explain that they previously moved to seal their opening and reply briefs only because those filings referenced documents that *Plaintiffs* had designated as "confidential" pursuant to the Stipulated Protective Order.  (ECF No. 112-1). Defendants emphasize that under the protective order the burden of proving the confidential nature of the material under seal resides with the party that designated the material "confidential."   Defendants contend that Plaintiffs have not demonstrated that underwriting and claims handling materials are confidential or proprietary to justify their redaction. Defendants believe that:

> [t]o make a sufficient factual
> representation to warrant sealing of such
> documents, Travelers would need to show (1)
> that it claimed privilege on the documents
> and included them on a privilege log; (2)
> that it was compelled by the court to
> produce the documents; (3) that it did not
> waive its privilege claim (by voluntarily
> providing deposition testimony or producing
> other documents on the same subject); and
> (4) that it held no current intention to
> waive its privilege claim by relying on the
> documents in its Answer or in support of its
> affirmative defenses.

(ECF No. 484, at 2-3).  Defendants contend that Plaintiffs' redactions are selective, and focus on "keeping what Travelers consider[] to be the 'bad' facts under seal but publishing what Travelers consider[] to be 'helpful' allegations."  (*Id.* at 3).

The United States Court of Appeals for the Fourth Circuit "has extended the application of the First Amendment test to 'dispositive' civil motions, such as a motion for summary judgment that is successful either in full or part." *Allstate Ins. Co. v. Warns*, 2012 WL 681792, at *17 (D.Md. Feb. 29, 2012); *Rushford*, 846 F.2d at 252.[1]   The Fourth Circuit has not determined whether documents related to a "non-dispositive civil motion" should be protected by the First Amendment, but has noted that civil proceedings are 'traditionally open' and that 'in some civil cases the public interest in access . . . may be as strong as, or stronger than, in most criminal cases." *Va. Dep't of State Police*, 386 F.3d at 580.

As Plaintiffs point out, the redacted filings relate to a non-dispositive motion requesting leave to add two new counterclaims and proposed third amended counterclaims. Plaintiffs have redacted information that pertains to their business processes, underwriting decisions, communications with attorneys, and attorney impressions.   The fact that claims handling and underwriting documents (and deposition testimony or emails discussing such documents) were previously produced to Defendants during discovery and that the court previously

---

[1] The Fourth Circuit recently held in *Doe v. Public Citizen*, 749 F.3d 246, 268 (4th Cir. 2014), that "the First Amendment right of access extends not only to the parties' summary judgment motions and accompanying materials but also to a judicial decision adjudicating a summary judgment motion."

determined that Plaintiffs could not assert privilege over claims handling functions performed by attorneys does not necessarily dictate that such information must be published in full.

The court finds based on an independent review that Plaintiffs have demonstrated that the proposed redactions to the respective briefs, third amended counterclaims, and the September 2, 2014 memorandum opinion are justified. The proposed redactions are modest, leaving much of the content intact. Plaintiffs do not object to the full release on the public docket of all but two of the fifteen exhibits filed in connection with their opposition to Defendants' motion for leave to file third amended counterclaims.[2] Plaintiffs state in their letter that they propose to redact two exhibits – ECF Nos. 307-8 (declaration of defense counsel) and 307-9 (an email exchange between Travelers' personnel) – but do not provide redacted versions. The time for filing such proposed redactions has long passed. Those exhibits will be unsealed.

The parties were also asked jointly to propose redactions to the September 2, 2014 memorandum opinion and to the third amended counterclaims. Plaintiffs' proposed redactions are reasonable and will be accepted. Unfortunately, Plaintiffs have

---

[2] Plaintiffs also do not object to full publication of an exhibit to Defendants' reply brief.

not filed on the court electronic filing system a redacted version of the memorandum opinion and the third amended counterclaims. Instead, Plaintiffs filed (in a single document under seal) the proposed redacted documents, *highlighting* the proposed redactions, without filing on the public docket the redacted documents. Going forward, every motion to seal must include: (a) a sealed unredacted version of the document; and (b) a redacted version filed on the public docket. The parties also must separate the different exhibits (instead of filing them in bulk in a single document), and label the exhibits to correspond to the appropriate docket entry. Failure to adhere to this procedure will result in a denial of any motion to seal.

Plaintiffs did not adhere to this procedure here; they must file on the public docket promptly the redacted version of the September 2 memorandum opinion (contained at ECF No. 488, at 232-253), and the third amended counterclaims (contained at ECF No. 488, at 20-120).

## B. Motions to Seal Filings in Connection with Defendants' Motion for Sanctions

Defendants' motion for sanctions is being resolved by separate memorandum opinion. Plaintiffs have also supplemented the motion to seal Defendants' reply brief in further support of the motion for sanctions. (ECF No. 373). Although the initial motion to seal the reply memorandum and accompanying exhibits

hardly proposed any redactions, Plaintiffs now suggest narrow redactions related to claims handling and underwriting documents, and attorney impressions.  Plaintiffs do not object to the full release on the docket of two of the three exhibits to the reply brief.  Plaintiffs seek to seal in its entirety a one page excerpt from a deposition of Tracey Seitz, Travelers' in-house counsel.  They provide no justifications for why the page needs to be sealed and it is not apparent that any confidential information would be jeopardized by its publication.  Accordingly, the clerk will be directed to unseal ECF Nos. 372-1, 372-2, and 372-3.  The motion to seal the reply brief will be granted in part and Plaintiffs promptly must file on the public docket the redacted reply memorandum (contained at ECF No. 488, at 152-198).

The parties have not supplemented their motions to seal Defendants' motions for sanctions and Plaintiffs' opposition memorandum.  Both motions were filed prior to the decision of September 2, 2014, setting forth the necessary standards for sealing papers in the court file.  The only document that reflects a genuine attempt at redacting confidential information is Defendants' memorandum in support of the motion for sanctions.  (*See* ECF No. 331).  Thus, Defendants' opening memorandum in support of sanctions will remain under seal. Neither party has provided any justification for keeping under

seal the thirty-three (33) exhibits to the motion for sanctions. Accordingly, the clerk will be directed to unseal ECF Nos. 332-1 through 332-33.

The opposition filed by Plaintiffs essentially is redacted in full, leaving unredacted, if anything, the introductions and conclusions. (*See* ECF Nos. 345). The exhibits have also been filed under seal without sufficient justification. No supplement was filed in the intervening time. Thus, Plaintiffs' motion to seal their opposition and accompanying exhibits will be denied. Accordingly, ECF No. 343 and all of the accompanying exhibits (ECF Nos. 343-1 through 343-41) will be unsealed.

**C.   Motions to Seal Answer to Defendants' Third Amended Counterclaims (ECF No. 389)**

Plaintiffs have moved to seal portions of their answer to the third amended counterclaims. (ECF No. 389). Plaintiffs provide proposed redactions to their answer and advance multiple arguments in favor of adopting the proposed redactions. Plaintiffs argue the material they redacted is covered by the parties' Stipulated Protective Order. As explained many times, this reason alone does not justify sealing. Plaintiffs also point out, however, that they "seek to maintain the confidentiality of testimony concerning the claims handling, litigation preparation and underwriting materials which have been redacted, because they reflect Travelers' internal business

10

policies and procedures and claim deliberations, and the disclosure of this information could be harmful to Travelers." (*Id.* ¶ 8). They also explain that "the claims handling and litigation preparation materials at issue in large part reflect Travelers['] internal and external communications with its attorneys." (*Id.* ¶ 9). Plaintiffs identify the specific categories (discussed above) within which they believe the redacted material fall. (*See* ECF No. 389 ¶ 11). They argue that specific paragraphs (or paragraph excerpts) from their answer fall within one or more of the following categories:

> a. Insurance claim records and testimony relating to insurance coverage for a body of personal injury cases that remains pending and unresolved;
>
> b. Insurance claim records and testimony relating to internal Travelers' deliberations regarding insurance coverage for these claims, including confidential attorney-client communications;
>
> c. Records and testimony regarding Travelers' internal underwriting processes, procedures and decisions;
>
> d. Records and testimony constituting attorney work product and materials prepared in anticipation of the litigation of this dispute.

(*Id.*).

Defendants filed a memorandum joining in part and opposing in part Plaintiffs' motion to seal portions of the answer. (ECF No. 393). Defendants join Plaintiffs' motion insofar as

Plaintiffs redact information that Defendants believe pertains
to settlement discussions or statements that should not be made
public pursuant to Fed.R.Evid. 408.   Defendants state that
"[t]he expectation that discussions designated for Rule 408
treatment shall not be used against a participant in the
litigation and, at minimum kept confidential from third parties,
are public policy cornerstones."   (*Id.* at 4).   Defendants
believe that the remaining redactions Plaintiffs propose are not
justified, however.   Many of the arguments made in Defendants'
memorandum (and Plaintiffs' reply for that matter) exceed the
scope of the motion to seal.   Defendants appear to argue that
Plaintiffs have put attorney impressions at issue by raising
"advice of counsel" as a defense to the bad faith and fraud
counterclaims.   Defendants argue that by placing attorney
impressions at issue in this case, they cannot seek to redact
from their answer information pertaining to attorney impressions
or work product.   (*Id.* at 5-7).[3]

    In their reply memorandum, Plaintiffs concede that
references to settlement discussions should be redacted, but
"strongly dispute[] that such evidence will not be available to

---

[3] Defendants' memorandum also suggests that they perceive
Plaintiffs' redactions as a strategic litigation tactic to
preserve privilege on appeal.   The court need not examine
purported ulterior motives in determining whether the proposed
redactions to the answer are justified.

Travelers to defend itself against Defendants' claims at trial, including their claims that Travelers acted with a lack of good faith or that Travelers' actions cause[d] them to enter the Baxter Settlement and Cost Sharing Agreement." (ECF No. 402, at 4). The court need not resolve the admissibility of evidence at trial at this stage, and certainly not on a motion to seal.[4] Plaintiffs also contend that communications between Travelers and its counsel during the claims-handling process are properly redacted independent of any privilege. (ECF No. 402, at 3). They point to Rule 1.6 of the Maryland Professional Code to support this contention. *See, e.g., Newman v. Maryland*, 384 Md.

---

[4] In a footnote to their reply memorandum, Plaintiffs acknowledge that the court need not resolve evidentiary issues in resolving the motion to seal, but explain that nevertheless, they felt compelled to respond to Defendants' assertions. As a general observation, it is disconcerting that both parties cannot even agree on motions to seal. Much of the briefing on both sides is devoted to disputes over the factual and legal issues at the core of this insurance case and conjecture regarding purportedly underhanded strategies employed by each party, rather than focusing on the motions at hand. This approach is not a good use of the parties' or the court's resources. Going forward, the court expects the parties to conduct themselves in a cooperative fashion, rather than viewing every dispute as an opportunity to spar. *See Bethesda Software LLC v. Interplay Entertainment Corp.*, Civ. Action No. DKC 09-2357, 2011 WL 1559308, at *6 (D.Md. Apr. 25, 2011) ("Hopefully, with a little collaboration, the lawyers are spared the embarrassment of making clearly erroneous arguments . . . [and] [t]he clients are spared needless expense incurred in the litigation of discovery disputes and the attendant delay." (internal quotation marks omitted) (*quoting Higginbotham v. KCS Int'l, Inc.*, 202 F.R.D. 444, 453 (D.Md. 2001)). The parties would also be well-advised to keep their briefs focused on the respective issues at hand and avoid extraneous arguments.

285, 302 (2004) ("Whereas the attorney-client privilege addresses compelled disclosure of client secrets during judicial proceedings, client confidentiality under Rule 1.6 of the Professional Code relates to the attorney's general duty to maintain the confidentiality of all aspects of a client's representation").

Based on an independent review, the court finds that the redactions to Plaintiffs' answer are justified. The redacted materials constitute Plaintiffs' internal business practices (regarding insurance underwriting and claims handling), references to settlement discussions with a third-party, and communications with in-house and outside counsel. Plaintiffs do not seek to redact the answer wholesale; the redactions constitute confidential information which may be redacted at this stage of the litigation. Defendants focus on the materials' potential *evidentiary* use at trial (or at the summary judgment stage), but these arguments are immaterial for purposes of a sealing motion. Plaintiffs have filed on the docket a sealed and redacted version of their answer. (ECF Nos. 388 & 390). For the foregoing reasons, Plaintiffs' motion to seal their answer to the third amended counterclaims will be granted.

### D. Additional Motions to Seal

Defendants move to seal their brief joining in part and opposing in part Plaintiffs' motion to seal their answer. (ECF

14

No. 394).  Defendants essentially seek to seal the brief in its entirety, in addition to sealing fully four accompanying exhibits.  In their motion to seal, Defendants argue that these documents "discuss in detail certain confidential material that Defendants contend should be sealed (for the reasons stated in the Joinder brief)." (ECF No. 394 ¶ 5).  Defendants also point to the Stipulated Protective Order as further justifying the sealing.

Interestingly, Defendants scold Plaintiffs for improper redactions, yet they themselves make no attempt to redact portions of their joinder brief, instead effectively sealing the document in its entirety along with the four accompanying exhibits.  (*See* ECF Nos. 392 & 393).  Defendants believe that these documents should be sealed for the reasons explained in their brief, but the brief contains arguments as to why settlement discussions should be redacted from Plaintiffs' answer and why the proposed redactions should be rejected (arguing that Plaintiffs waived privilege).  It's not at all clear why sections of the brief referencing settlement discussions cannot be redacted, allowing the remaining sections to be published.  Defendants also do not offer *any* justifications for sealing the four accompanying exhibits in full.  Accordingly, Defendants will have seven (7) days to

submit a newly redacted version of the brief and exhibits as noted herein.

Plaintiffs move to seal portions of their reply memorandum in support of their motion to seal the answer to the third amended counterclaims. (ECF No. 403). Plaintiffs' proposed minimal redactions are justified. The redacted portions include references to settlement discussions and attorney communications. Accordingly, Plaintiffs' motion to seal will be granted.

Finally, both parties have moved to seal their September 23, 2014 letters to the court. (ECF Nos. 485 & 489). The letters need not remain under seal, and the clerk will be directed to unseal ECF No. 484 and ECF No. 488, at 1-5.

**IV. Conclusion**

A separate Order will follow that reflects the foregoing rulings.

/s/
_____
DEBORAH K. CHASANOW
United States District Judge