```
                  IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF MARYLAND

THE CHARTER OAK FIRE COMPANY,
et al.                                :

     v.                               :   Civil Action No. DKC 09-0100

                                      :
AMERICAN CAPITAL, LTD., et al.
                                      :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this insurance case is a motion for reconsideration filed by Plaintiffs Charter Oak Fire Insurance Company ("Charter Oak") and Travelers Property Casualty Company of America ("Travelers") (collectively, "Plaintiffs"). (ECF No. 541). Also pending are three motions to seal submitted by Plaintiffs and Defendants American Capital, Ltd. ("American Capital") and Scientific Protein Laboratories LLC ("SPL") (collectively, "Defendants"). (ECF Nos. 542; 552; 555). The relevant issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Plaintiffs' motion for reconsideration will be granted in part and denied in part. The motions to seal will be granted.[1]

---

[1] The parties also filed a joint status report and proposed pre-trial schedule (ECF No. 553), which will be adopted.

**I. Background**

The extensive factual and procedural history may be found in prior opinions and need not be repeated here. (*See, e.g.*, ECF No. 545, at 2-8).[2] In short, this case is an insurance coverage dispute involving two insurance company Plaintiffs and an investment fund, Defendant American Capital. After discovery, the parties cross moved for summary judgment. On February 17, 2016, the court granted in part and denied in part both motions. (ECF Nos. 536; 545).

On March 2, Plaintiffs filed the pending motion for reconsideration. (ECF No. 541). Defendants responded (ECF No. 550), and Plaintiffs replied (ECF No. 554). Both parties filed unopposed motions to seal portions of the papers filed in conjunction with the motion for reconsideration. (ECF Nos. 542; 552; 555).

**II. Standard of Review**

Plaintiffs move for reconsideration under Fed.R.Civ.P. 54(b), which governs reconsideration of an interlocutory order. *See Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469-70 (4th Cir. 1991). Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and

---

[2] ECF No. 545 is the amended summary judgment memorandum opinion the court issued to correct an error in the initial summary judgment opinion, which is ECF No. 535.

2

liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." "In the United States Court of Appeals for the Fourth Circuit, the precise standard governing a motion for reconsideration of an interlocutory order is unclear." *Innes v. Board of Regents of the Univ. Sys. of Md.*, 121 F.Supp.3d 504, 506 (D.Md. 2015) (citing *Fayetteville Investors,* 936 F.2d at 1472). "While the standards articulated in Rules 59(e) and 60(b) are not binding in an analysis of Rule 54(b) motions, courts frequently look to these standards for guidance in considering such motions." *Id.* at 506-07 (citing *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003); *Akeva, LLC v. Adidas Am., Inc.*, 385 F.Supp.2d 559, 565–66 (M.D.N.C. 2005)).

> Public policy favors an end to litigation and recognizes that efficient operation requires the avoidance of re-arguing questions that have already been decided. Most courts have adhered to a fairly narrow set of grounds on which to reconsider their interlocutory orders and opinions. Courts will reconsider an interlocutory order in the following situations: (1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice.

*Akeva*, 385 F.Supp.2d at 565-66 (citations omitted); *see also Beyond Sys., Inc. v. Kraft Foods., Inc.,* No. PJM–08–409, 2010 WL

3059344, at *1–2 (D.Md. Aug.4, 2010) (applying this three-part test when evaluating a motion for reconsideration under Rule 54(b)). Importantly, a motion for reconsideration under Rule 54(b) may not be used merely to reiterate arguments previously rejected by the court. *Beyond Sys., Inc.,* 2010 WL 3059344, at *2.

**III. Analysis of Motion for Reconsideration**

Plaintiffs raise the following arguments in their motion for reconsideration: (1) the court should correct a "clerical error" in the order entering judgment for Defendants on Count IX of the third amended counterclaim; (2) Defendants are not entitled to summary judgment regarding the joint venture clause; and (3) Plaintiffs are entitled to summary judgment that Travelers has no duty to defend any heparin complaint that alleges liability related to the joint venture.

**A.   Error in Order**

Plaintiffs contend that the February 17, 2016 order contains a clerical error that fails to reflect the memorandum opinion's (the "summary judgment opinion") disposition of Count IX of the third amended counterclaim.  The summary judgment opinion said that "summary judgment will be granted in favor of Plaintiffs regarding coverage of SPL under the 2006–2007 primary policy on Counts I and IX of Defendants' counterclaim." (ECF No. 545, at 16).  Despite this clear language, the order

4

mistakenly entered judgment against Plaintiffs on Count IX of the third amended counterclaim. (ECF No. 536 ¶ 4). Defendants' response to Plaintiffs' motion on this point amounts to a request for reconsideration of the summary judgment opinion's holding that granted summary judgment for Plaintiffs on Count IX of the third amended counterclaim. Defendants also argue that American Capital (as opposed to SPL) is not entitled to summary judgment, but such attempts to distinguish coverage of SPL from coverage of American Capital are irrelevant at this time. (*See* ECF No. 550, at 12). The discussion in question was within the section of the summary judgment opinion analyzing coverage of SPL, and the memorandum opinion granted summary judgment in favor of Plaintiffs only "regarding coverage of SPL under the 2006-2007 primary policy." (ECF No. 545, at 16). Therefore, Plaintiffs' request for reconsideration on this point is more limited than Defendants articulate. Accordingly, Plaintiffs' motion for reconsideration will be granted as to their request that summary judgment be entered in their favor regarding coverage of SPL under the 2006-2007 primary policy in Count IX of the third amended counterclaim.

    **B.**    **Joint Venture Clause**

At summary judgment, Plaintiffs asserted that none of the allegedly contaminated heparin from sources other than the joint venture was administered to patients. (ECF No. 510-1, at 16).

The court held, however, that this assertion was "not adequately supported by the record. Rather, the exhibits Plaintiffs cite[d] support the notion that the allegedly contaminated heparin potentially came from a source other than [the Joint Venture]." (ECF No. 545, at 26 n.5). Many of the underlying heparin lawsuits did not include any reference to the joint venture, and multiple pieces of evidence showed a potential that contaminated heparin came from a source unrelated to the joint venture. (*Id.* at 25-26). In the end, the summary judgment opinion held:

> [T]he joint venture exclusion does not preclude coverage of the heparin lawsuits or relieve Plaintiffs of a potential duty to defend. Thus, Plaintiffs have failed to show that the joint venture exclusion presents a triable issue of fact *vis a vis* Plaintiffs' duty to defend American Capital. While other provisions may obviate any duty to defend, the joint venture exclusion does not.

(*Id.* at 26). The court entered an order that "DECLARED that . . . . The policies' joint venture provision does not relieve Plaintiffs of a duty to defend American Capital in the heparin lawsuits as described in the foregoing Memorandum Opinion." (ECF No. 536 ¶ 3).

Plaintiffs argue that Defendants were not entitled to summary judgment on the joint venture question, or, "[e]ven if the record did not adequately support summary judgment in

6

[their] favor, the Court should not have entered judgment against [Plaintiffs] on the question of whether, as a factual matter, [Defendants] faced liability for heparin from the two non-joint venture lots." (ECF No. 541-1, at 7). Plaintiffs contend that Defendants did not "challenge the fact that the tainted heparin at issue in the heparin claims against SPL and [American Capital] was all from the joint venture." (*Id.* at 4). Defendants counter that the court's ruling was correct "because the evidence adduced by [Plaintiffs] on summary judgment failed to establish facts showing that American Capital could not be held liable on a theory of strict liability, much less that American Capital could only be held liable if [the Joint Venture] acted negligently." (ECF No. 550, at 6). Moreover, Defendants argue that Plaintiffs' assertions regarding the source of the tainted heparin were unsupported by the record. (*Id.* at 9-10).

"A Rule 54(b) motion may not be used to rehash previous arguments." *Innes*, 121 F.Supp.3d at 513. Plaintiffs' arguments here are an attempt to relitigate the arguments made on summary judgment. Plaintiffs are correct that Defendants primarily argued that SPL's actions at its Wisconsin operations triggered coverage apart from the Joint Venture, but this does not change the fact that Plaintiffs' assertions regarding the source of the

7

tainted heparin are not supported by the record.[3] The record showed, at the very least, a potential that the underlying heparin complaints alleged conduct separate from the joint venture.

As the court noted in the summary judgment opinion, "[i]f there is no *potential* that the [heparin] complaints allege conduct separate from the joint venture, then Plaintiffs are correct that they have no duty to defend. Otherwise, the joint venture clause does not relieve them of the duty." (ECF No. 545, at 24 (emphasis added)); *see Maryland Cas. Co. v. Blackstone Intern. Ltd,* 442 Md. 685, 695 (2015) (noting that an "insurer still must defend if there is *a potentiality* that the claim could be covered by the policy" (emphasis added)). "'In Maryland, the duty to defend is broader than the duty to indemnify. Whereas a company has a duty to defend its insured for all claims that are potentially covered under an insurance contract, the duty to indemnify, *i.e.*, pay a judgment, attaches only upon liability.'" (ECF No. 545, at 12-13 (quoting *Penn. Nat'l Mut. Cas. Ins. Co. v. City Homes, Inc.*, 719 F.Supp.2d 605,

---

[3] The cases cited by Plaintiffs to show the impropriety of the court's actions are inapposite. In *Greenlaw v. United States*, 554 U.S. 237, 244 (2008), the Supreme Court of the United States held that an appellate court's increase of a criminal defendant's sentence was inappropriate because the government did not appeal the district court's sentence. *Chang-Williams v. Dep't of the Navy*, 766 F.Supp.2d 604, 610 n.6 (D.Md. 2011), addresses a court's liberal construction of a *pro se* litigant's pleadings. Neither case is relevant here.

611-12 (D.Md. 2010)). Plaintiffs ultimately may have no duty to *indemnify* Defendants based on the facts in the heparin lawsuits. The joint venture provision, however, does not relieve Plaintiffs of a duty to *defend*, and Defendants were entitled to summary judgment on the joint venture question.[4]

### C. Travelers' Duty to Defend Heparin Suits that Allege Liability Related to the Joint Venture

Plaintiffs argue that, under the reasoning in the summary judgment opinion, they are entitled to summary judgment "with respect to all underlying heparin complaints that do identify the joint venture as a source of contaminated heparin." (ECF No. 541-1, at 9). Defendants counter that "[t]he joint venture limitation may impact the duty to defend only if the underlying pleadings seek to impose liability on the insured solely on the basis of the joint venture's conduct." (ECF No. 550, at 4). Defendants assert that no such heparin complaint exists because they either do not reference the joint venture or assert separate theories of liability directly against American Capital or SPL. (*Id.* at 4-5).

---

[4] Plaintiffs' assertion that granting summary judgment for Defendants was inappropriate under Fed.R.Civ.P. 56(f) is unpersuasive. Defendants moved for summary judgment on this issue, arguing that the heparin lawsuits potentially involved conduct unrelated to the joint venture. Such an argument is the grounds on which the court entered a declaratory judgment in favor of Defendants.

The summary judgment opinion explained the scope of the joint venture clause:

> [B]ecause of the broad nature of the joint venture exclusion, Plaintiffs do not have a duty to defend the heparin lawsuits unless there is a potential for judgment against Defendants completely unrelated to heparin originating with [the joint venture]. Even if the cause of action alleged were negligence or strict products liability against SPL and American Capital, the joint venture clause excludes the heparin lawsuits from coverage if the underlying liability relates, in any way, to heparin received from [the joint venture].

(ECF No. 545, at 25). Plaintiffs are correct that this reasoning precludes a duty to defend heparin lawsuits that raise no potential for judgment completely unrelated to joint venture. Defendants' arguments to the contrary effectively seek reconsideration of the summary judgment opinion's reasoning and attempt to reopen arguments that were made at that stage.

Part of the ambiguity in the summary judgment opinion and order is based on the fact that the parties' arguments focused on the heparin lawsuits as a whole rather than on the duty to defend each individual lawsuit. Thus, the court was unable to make a determination regarding the duty to defend each individual lawsuit. Accordingly, the court will enter an order to clarify the summary judgment opinion's reasoning that "Plaintiffs do not have a duty to defend the heparin lawsuits unless there is a potential for judgment against Defendants

completely unrelated to heparin originating with" the joint venture. If there is a *potential* for judgment unrelated to the joint venture, as appears to be the case in many of the heparin lawsuits as described above and in the summary judgment opinion (ECF No. 545, at 25-26), the joint venture clause does not relieve Plaintiffs of a duty to defend.

**IV.  Motions to Seal**

Also pending are three unopposed motions to seal. (ECF Nos. 542; 552; 555). Both Plaintiffs and Defendants propose limited redactions of the briefs. The court has previously granted the parties' similar motions to seal and redact. As in those prior motions, the proposed redactions here are relatively limited and reasonable. The redactions are unopposed and leave the parties' arguments readily discernible from the redacted versions. Accordingly, the court finds that Plaintiffs and Defendants have demonstrated that the proposed redactions are justified.

As before, the undersigned will not endeavor to determine what portions (if any) of this Memorandum Opinion contain information that is under seal. Rather, the Memorandum Opinion will be filed under seal temporarily, and the parties are directed to review it and within fourteen (14) days suggest jointly any necessary redactions that should be made before it is released to the public docket.

**V. Conclusion**

For the foregoing reasons, Plaintiffs' motion for reconsideration will be granted in part and denied in part. The motions to seal will be granted. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge
